ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
Jon R. Mower, Esq. (State Bar No. 72034)
JMower@aalrr.com
Dan J. Bulfer (State Bar No. 280046)
DBulfer@aalrr.com
20 Pacifica, Suite 400
Irvine, California 92618-3371
Telephone: (949) 453-4260
Fax: (949) 453-4262

HARBIN & McCARRON
Bruce Harbin, Esq. (State Bar No. 110616)
BHarbin@hmlaw.com
1801 Park Court Place, Bldg. G
Santa Ana, CA 92701
Telephone: (714) 550-5500
Fax: (714) 550-0468

Attorneys for Plaintiffs

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 400
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA—EASTERN DIVISION**

MICHAEL AND MARTA McCLELLAN,

Plaintiffs,

v.

CHASE HOME FINANCE LLC, a Delaware limited liability company; CHASE HOME FINANCE INC., a Delaware corporation; JPMORGAN CHASE BANK N.A., a national banking association; PNC BANK N.A., a national banking association; and DOES 1-10, inclusive,

Defendants.

Case No. 12-cv-01331 JGB (JEMx)

**STIPULATION AND ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL INFORMATION**

Judge: Hon. Jesus G. Bernal

Complaint Filed: August 17, 2012
Trial Date: June 24, 2014

Subject to and without waiving any objections any party may have as to the discoverability of any information, and without waiving any objection or cause of action any party may have (including but not limited to any objection or cause of action arising out of the acquisition, retention, or other handling of documents containing confidential or proprietary information), and solely for the purposes of providing a procedure for the handling and protection of Confidential Information, as defined herein, the Parties to this action hereby stipulate and agree to the following procedures for handling such Confidential Information.

Certain documents, things, and information, disclosed through discovery or otherwise, may constitute or contain secret, proprietary, private, or confidential information. This information may include, but is not limited to: (i) financial records; (ii) employment or personnel records; (iii) information regarding company structure, operations, and strategies; (iv) proprietary information or trade secrets; (v) customer data; and (vi) any other information not readily available to the general public. NOW, THEREFORE, pursuant to the following Stipulation by and between the Parties governing access to and use of documents, things, and information designated as Confidential Information, and good cause appearing therefor, the Court hereby **ORDERS**:

**A. <u>DEFINITION OF "CONFIDENTIAL INFORMATION"</u>**

This Order shall govern the provision, production, exchange, and use of all documents, answers to interrogatories, responses to requests for admissions, deposition testimony, deposition transcripts and exhibits, and any other material or information produced or exchanged during the course of pre-trial discovery, or other confidential materials provided to, or exchanged by the parties during the course of the above-captioned litigation (collectively "Discovery Materials"). All Discovery Material given or exchanged in the above-captioned action, or in the course of any investigation conducted in connection with this action which the producing party believes, or reasonably should believe, represents commercially or personally

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 400
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 400
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

sensitive information, trade secrets, or proprietary material shall be marked as "CONFIDENTIAL." Such material, including any copies or reproductions, excerpts, summaries, or other documents or media (e.g., electronic, video, audio, etc.) that excerpt, incorporate, contain, use, refer to, or otherwise reveal the substance of such Discovery Material is hereinafter referred to as "Confidential Discovery Material" or "Confidential Information."

**B. <u>PROCEDURE FOR DESIGNATING CONFIDENTIAL INFORMATION</u>**

1. The designation of Confidential Information shall be made at or before the time such information is produced. Information disclosed at a deposition may be designated as Confidential Information by either (a) indicating on the record at the deposition that the testimony is Confidential Information and subject to the provisions of this Order, or (b) by notifying the opposing party in writing within thirty (30) days of the receipt of the transcript of those pages and lines or exhibits that contain Confidential Information. Immediately after receiving notice that certain portions of a deposition contain Confidential Information, each party must immediately cause each copy of the deposition transcript in their custody or control to be so marked.

2. A party receiving information may designate Discovery Material as Confidential Information by identifying in writing the specific portion of the Discovery Material to be so designated within thirty (30) days after receipt thereof.

3. If any party believes that Discovery Material, which previously has been designated as Confidential Information, should not properly be treated as Confidential Information within the meaning of this Order, that Party shall notify the disclosing Party of its disagreement with the Confidential Information designation as soon as possible, but in no event later than forty-five (45) days of the designation of the Discovery Material as Confidential Information. Counsel for the Parties shall then endeavor to reach an agreement regarding the status of the affected Discovery Material within ten (10) business days of the date notice of the

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 400
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

disagreement was given (the "Meet and Confer Period"). If no agreement has been reached upon the expiration of the Meet and Confer Period, the party seeking to challenge the designation of Confidential Information may seek appropriate relief from the Court. Any application for such relief must be filed and served, if at all, within thirty (30) days following the expiration of the Meet and Confer Period. Until the Court resolves the application, the underlying Discovery Material shall be treated as Confidential Information subject to the terms of this Order. Notwithstanding any provision of this Order, however, any motion challenging a Designating Party's confidentiality designation shall comply with the Federal Rules of Civil Procedure, all applicable local rules, as well as any rules or procedures established by the Court, including, without limitation, Local Rules 37-1 and 37-2 (setting forth the requirement of a Joint Stipulation of disputed issues).

4. If any Party produces Confidential Information without the appropriate designation, that Party may furnish a substitute copy properly designated along with written notice to all Parties that such information is deemed Confidential Information. Notwithstanding the fact that all Parties must comply with the provisions of this Order, no penalty shall be imposed upon a receiving Party who has disclosed Discovery Material that is subsequently designated by the producing Party as Confidential Information, if the disclosure was otherwise made in accordance with this Order and predated the designation of the Discovery Material as Confidential Information.

5. If any non-Party produces Discovery Material that any Party believes to contain Confidential Information, that Party may designate such Discovery Material as Confidential Information by giving written notice to all Parties that such information is deemed Confidential Information. Notwithstanding the fact that all Parties must comply with the provisions of this Order, no penalty shall be imposed upon a receiving Party who has disclosed Discovery Material that is subsequently designated by the producing Party as Confidential Information, if the disclosure was

otherwise made in accordance with this Order and predated the designation of the Discovery Material as Confidential Information.

**C. QUALIFIED PERSONS WITH ACCESS TO CONFIDENTIAL INFORMATION**

"Qualified Persons," as used herein, means:

1. The named Parties in the above-captioned litigation (**except** as provided in Part E, *infra*), their attorneys, including in-house counsel, paralegals, law clerks, and secretaries employed by counsel for the named Parties;

2. Consultants and experts retained or employed to assist counsel for the named Parties in the preparation of the above-captioned litigation for trial, such as statisticians, economists, accountants, or other technical, scientific, or legal experts or consultants, who have agreed in writing (in a form substantially similar to the Acknowledgment attached hereto as Exhibit A) to be bound by this Order;

3. Any person whom a Party determines in good faith might become a deponent or trial witness in the above-captioned action, or whom a Party determines in good faith may provide an affidavit, declaration, or certification in this action, provided that such person is first provided with a copy of this Order and agrees in writing (in a form substantially similar to the "Agreement to Be Bound" attached hereto as Exhibit A) to be bound thereby;

4. Any company retained by any Party, and the individuals employed by any such company, to scan, copy, or code any Confidential Information, or to prepare such Confidential Information for use at a trial or deposition in the above-captioned action, provided that such company and the employees it assigns are first provided with a copy of this Order and agree in writing (in a form substantially similar to the Acknowledgment attached hereto as Exhibit A) to be bound thereby; and

5. The Court, persons employed by the Court, potential jurors, jurors, alternate jurors, videographers and stenographers transcribing or recording the

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 400
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 400
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

testimony or argument at a hearing, trial, or deposition in this action.

**D. RESTRICTIONS ON THE USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION**

1. Confidential Information shall not be disclosed, directly or indirectly, to any person other than Qualified Persons as defined herein. Persons who, by virtue of the conduct of this litigation, have knowledge of the designated Confidential Information shall not intentionally suffer or permit its disclosure or that of any information obtained, derived, compiled, or ascertained therefrom, to any person or persons other than a Qualified Person as defined herein.

2. Disclosure of all Discovery Material designated as Confidential Information shall be solely for the purposes of the above-captioned litigation, unless and until such designation is removed either by agreement of the Parties or by Order of the Court.

3. With respect to Discovery Material designated as Confidential Information, no copy of any documents, testimony, or other information shall be received, kept, or maintained by any individual other than a Qualified Person as defined herein.

4. In the event that any portion of any Discovery Material designated as Confidential Information is submitted to the Court for any purpose, the Party submitting the Confidential Information shall do all of the following:

(a) The Party submitting a document containing Confidential Information (the "Filing Party") shall sanitize or redact the document so as to remove any Confidential Information when this can be accomplished without destroying the purpose for which the document is to be filed. Following sanitization, the Filing Party shall present the sanitized document to the Party to whom the Confidential information belongs (the "Designating Party"), who shall then have three (3) business days (the "Review Period") to review the sanitized document for remaining Confidential Information. Upon the expiration of the Review Period, or upon the

Designating Party's sooner notification to the Filing Party that the Designating Party is satisfied that the sanitized document contains no Confidential Information, the sanitized document may be filed with the Court as if it were any other filing.

(b) Pursuant to Central District L.R. 79-5.1, the Party submitting a document which cannot be redacted to remove all references to Confidential Information shall take the necessary steps to obtain Court approval to file the Confidential Information under seal. Within two (2) business days before the filing, the Filing Party will notify the Designating Party by Bates number or other reasonable description, of the specific documents and/or Confidential Information that the Filing Party intends to lodge with the Court under seal. The Designating Party will notify the Filing Party within one (1) business day after receiving this notice if the Designating Party agrees that some, part, or all of the documents and/or Confidential Information need not be lodged with the Court under seal. A Designating Party shall not unreasonably withhold its agreement that some, part, or all of the documents and/or Confidential Information need not be lodged with the Court under seal.

(c) In accordance with Local Rule 79-5, the Filing Party will present to the Court the document(s) submitted for filing under seal, a written application or stipulation, and a proposed order. Further, in accordance with Local Rule 79-5.1, the original and judge's copy of the documents to be filed under seal shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. The Parties recognize that one of the manifest purposes of this Order is to avoid the expense associated with litigating discovery disputes over confidentiality-related issues. Accordingly, the Parties agree that applications to seal under this subparagraph are to be the exception rather than the rule, and sealing orders will be stipulated whenever possible.

(d) Pursuant to Local Rule 79-5.1, the Filing Party will present to the Clerk for filing, in paper format, any materials containing Confidential Information and

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 400
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 400
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

will electronically file a Notice of Manual Filing in accordance with Local Rule 5-4.2.

5. In the alternative, the Party who intends to submit any Confidential Information to the Court for any purpose may contact the Party to whom the Confidential Information belongs and seek that Party's consent to the filing of such information not under seal. Confidential Information not filed under seal, pursuant to the consent of the Party to whom it belongs, shall not thereby lose its status as Confidential Information. In the absence of such consent, the procedures set forth in Paragraph D(4) above shall be observed.

6. In the event that a Qualified Person seeks to disclose or otherwise reveal any Confidential Information to anyone other than another Qualified Person, the former shall seek the consent of the Party to whom the Confidential Information belongs, and may disclose the Confidential Information upon receipt of such consent. In the event that consent is not given, counsel for the Parties shall endeavor to reach an informal resolution within ten (10) business days of the date consent was refused (the "Meet and Confer Period"). If no agreement has been reached upon the expiration of the Meet and Confer Period, the party seeking to disclose Confidential Information may apply to the Court for appropriate relief from this Order. Any application for such relief must be filed and served, if at all, within thirty (30) days following the expiration of the Meet and Confer Period. Until the Court resolves the application, the underlying Confidential Information shall not be disclosed to any person other than a Qualified Person as defined herein. The provisions of this Paragraph shall not apply where a Party receiving Confidential Information is subpoenaed in an action other than this action, is served with a demand in an action other than this action to which he, she or it is a party, is served with legal process by an individual or entity not a party to this action, or is subject to a request, rule, regulation or other legal compulsion of or relating to a governmental entity asserting jurisdiction over it seeking production or provision of Confidential

Information. In such cases, the provisions of Paragraph D(7) shall govern.

7. If any Party receiving Confidential Information is subpoenaed in an action other than this action, is served with a demand in an action other than this action to which he, she or it is a party, is served with legal process by an individual or entity not a party to this action, or is subject to a request, rule, regulation or other legal compulsion of or relating to a governmental entity asserting jurisdiction over it seeking production or provision of Confidential Information, that Party must:

(a) shall immediately, but in no event later than three (3) business days after receipt of the subpoena, demand, request, or other legal process, provide written notice, including a copy of such subpoena, demand, request, or other legal process, to counsel for the Party (or non-party) that produced such Confidential Information in this action;

(b) promptly notify in writing the Party or non-party who caused the subpoena, demand, request, or other legal process to issue that some or all of the material covered by the subpoena, demand, request, or other legal process is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Party (or non-party) whose Protected Material may be affected. If the designating Party timely seeks a protective order, the Party served with the subpoena, demand, request, or other legal process shall not produce any Protected Information earlier than the date and time called for on the subpoena, demand, request, or other legal process, and shall cooperate in good faith with the designating Party's reasonable efforts to obtain a protective order. Notwithstanding any provision of this Order, however, it is recognized that neither Fed. R. Civ. P. 26 nor Fed. R. Civ. P. 45 provide that compliance with a lawful subpoena is automatically stayed by the filing of a motion for a protective order. Accordingly, the Parties agree that it is the Designating Party's responsibility to timely move for, and obtain, an appropriate order staying the operation of a Document Demand pending the

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 400
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 400
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

resolution of the Designating Party's motion for a protective order. Nothing contained in this Order should be construed as authorizing or encouraging a party in this action to disobey a lawful subpoena issued in another action. Further, notwithstanding anything contained in this Paragraph, no Party who is subject to a subpoena, demand, request, or other legal process shall be required by this Order to: (i) violate any court order or the laws of any political subdivision, including, without limitation, a regulatory body asserting jurisdiction over it; (ii) subject itself to any sanction, fine, or penalty; or (iii) incur unreasonable expense in defense of the Confidential Information.

8. Because the aggrieved party does not have an adequate remedy at law and would suffer irreparable harm absent the ability to enforce this Stipulation and Order through restraining order or injunction, the Parties agree that any aggrieved party shall be entitled to enforce this Stipulation and Order through a restraining order or injunction requiring the violating party to immediately cease and desist from the violation and take all necessary actions to remedy the violation and ensure that the violation is corrected so as to ensure that any improperly used or disclosed information retains the confidentiality protections that existed prior to the occurrence of the violation. Such equitable remedies shall be in addition to, and not exclusive of, all other legal rights and remedies available to such Party under the law. A Party seeking such injunctive relief shall present a noticed motion or, where the circumstances warrant *ex parte* relief under applicable law, an *ex parte* application to the United States District Judge assigned to this action at the time such noticed motion or *ex parte* application is filed. Any application or motion for injunctive relief pursuant to this subparagraph must comply with all applicable statutes, Federal Rules of Civil Procedure, local rules, and any rules or procedures established by the Court.

/ / /

/ / /

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 400
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

**E. ATTORNEYS' EYES ONLY RESTRICTIONS**

1. Confidential information designated as "ATTORNEYS EYES ONLY" shall not be disclosed, except by the prior written consent of the disclosing party or pursuant to further order of the Court, to any person or entity other than:

(a) the attorneys of record for any party to this action, including the employees and associates of the party's attorneys who are involved in this action;

(b) Defendant's in-house counsel;

(c) Officers of the Court and supporting personnel or officers of any appellate court to which an appeal may be taken or in which review is sought, including any necessary stenographic and clerical personnel (e.g., deposition and court reporters and the like);

(d) Independent experts and consultants (and their employees and support staff) retained by the attorneys for any party for purposes of assisting in this action, to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound" (Exhibit A), provided that the conditions set forth in Section E(2) below are satisfied;

(e) Outside litigation support vendors retained by the parties, including commercial photocopying vendors, scanning services vendors, coders, and keyboard operators to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound" (Exhibit A).

Any person other than officers of the Court and attorneys of record for any party who is to be provided with Confidential Information designated Attorneys' Eyes Only or access thereto under the terms of this Order must first execute and return to counsel of record for the party from whom the person is receiving such Confidential Information or access thereto the Agreement appended hereto as

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 400
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

Exhibit A.

2. For purposes of Section E(1)(d) and E(1)(e), the Party receiving Confidential Information shall give the Disclosing Party three (3) business days' written notice prior to disclosure of Confidential Information designated Attorneys' Eyes Only by the Disclosing Party to any expert or consultant, or vendor. Written notice shall include the name, employment, and affiliations of the person or entity to which the Information is sought to be disclosed. This provision shall not apply to potential witnesses, experts, consultants or their attorneys, staff, representative or agents who are authors or recipients of the "Attorneys Eyes Only" Confidential Information or who received the material prior to or separate from the litigation.

If during the three (3) business day period the Disclosing Party objects to the disclosure, then no disclosure shall be made until the Recipient obtains from the Court an order compelling such disclosure. The parties shall confer in good faith to resolve any such disagreements prior to bringing any motion to compel disclosure.

**E. NON-APPLICABILITY TO THE TRIAL OF THIS ACTION**

The terms of this Order shall continue to apply during the time period in which the trial of this action takes place, but shall not apply to the trial itself, as all decisions concerning the conduct of the trial and the admissibility of evidence are the province of the trial judge. Any Party may, at or before the time of trial, make a motion in limine to determine the admissibility of Confidential Information at the trial of the above-captioned litigation.

**F. NO ADMISSION OR WAIVER**

1. The execution of this Order shall not be construed as an admission or agreement by any Party that any Discovery Material designated as Confidential Information is, in fact, confidential, private, privileged, or otherwise entitled to any protective relief from the Court except by virtue of this Order.

2. The inadvertent, accidental or unintentional production of privileged information shall not constitute a waiver of any applicable privilege. If privileged

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 400
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

information or documents ("Privileged Materials") are inadvertently produced or disclosed, the receiving Party agrees promptly to return such information or documents upon the earlier of (a) realizing Privileged Materials have inadvertently been produced, or (b) an oral or written request by the producing Party or non-party. The receiving Party shall also take all necessary steps to prevent any further disclosure of such Privileged Materials. However, the Parties reserve the right to contest the designation of any such material as "privileged" by motion to the Court. No Party shall disclose or use materials subject to a claim of privilege unless and until the producing Party's claim is overruled by court order, provided however any such materials otherwise shall be maintained in accordance with the terms of this Order.

3. This Order does not govern or affect the admissibility of any Discovery Material marked as Confidential Information as evidence during the trial of this action. The admissibility at trial of Confidential Information shall be reserved until the trial of this action. Nothing herein shall be construed to limit in any way any Party's use of its own Confidential Information, or a Party's subsequent waiver of its own prior designation with respect to its own Confidential Information.

4. Nothing contained in this Order shall affect the right, if any, of any party, non-party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition; the right of any party or nonparty to seek additional protective relief with respect to any document or information sought in the course of discovery; the right of any party to object to the admissibility, authenticity or use of any information at any hearing or trial; the right of any party to seek or compel additional discovery; the right of the parties to agree to modify, alter or amend the provisions or protections provided for herein, by filing an amended Stipulation and [Proposed] Order with the Court; and the right of any party to waive in writing the

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 400
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

provisions or protections provided for herein. Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold any Confidential Information, or of any right that any Party may have to assert such privilege at any stage of the litigation.

5. Nothing herein shall restrict the right of any Party or non-party to use his, her, or its own documents and information designated as Confidential Information for any purpose whatsoever.

**G. <u>RETURN OF CONFIDENTIAL INFORMATION</u>**

1. Within thirty (30) days of the termination of the above-captioned litigation, including any appeals or proceedings for extraordinary relief arising therefrom, all Confidential Information, together with any copies, duplicates, or other reproductions thereof, held by a Party other than the Party to whom such Confidential Information belongs, shall be returned to the Party who produced it, or to that Party's attorney.

2. In lieu of physically returning Confidential Information to the Party or Parties who produced it, any Party may elect to destroy all Confidential Information in its possession, custody, and control, and certify in writing to all other Parties that it has done so.

3. Notwithstanding the foregoing, counsel for any Party may retain a copy of his or her own work product based on Confidential Information. Nothing in this Paragraph shall preclude a Party from: (i) seeking to modify this Paragraph; (ii) seeking additional verification that all Confidential Information in another Party's possession, custody, or control has been destroyed or surrendered; or (iii) agreeing to permit another Party to retain Confidential Information in its possession. Provided, however, that no modification of this Order pursuant to the agreement of the Parties shall have the force or effect of a Court order unless the Court approves the modification.

4. Neither the termination of the above-captioned action nor the

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 400
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

termination of employment of any person who has had access to Confidential Information shall relieve any person from the obligation to comply with this Order.

**H. <u>MISCELLANEOUS PROVISIONS</u>**

1. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on the examination of Confidential Information.

2. The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of Confidential Information.

3. This Order is without prejudice to the right of any party to seek relief from the Court, for good cause shown, from any of the provisions contained herein.

4. This Order shall remain in force and effect until modified, superseded, or terminated on the record by writing of the parties hereto or by subsequent Order of the Court.

5. Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of this action.

6. This Stipulation and Order may be executed in one or more counterparts, each of which shall be an original, but all of which, together, shall be deemed to constitute a single document. This Stipulation and Order may be executed and signature pages exchanged by facsimile or PDF, and a facsimile or PDF signature shall have the same force and effect as an original signature.

***[SIGNATURE PAGES FOLLOW]***

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 400
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

**SO STIPULATED AND AGREED.**

Dated: June 25, 2013

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: */s/ Dan J. Bulfer*
Jon R. Mower, Esq.
Dan J. Bulfer, Esq.
Attorneys for Plaintiffs Michael & Marta McClellan, for themselves and on behalf of those similarly situated

Dated: June 25, 2013

HARBIN & MCCARRON

By: /s/ Bruce Harbin, Esq.
Bruce Harbin, Esq.
Attorneys for Plaintiffs Michael & Marta McClellan, for themselves and on behalf of those similarly situated

Dated: July 17, 2013

REED SMITH

By: */s/ Raymond Y. Kim*
Scott H. Jacobs, Esq.
Raymond Y. Kim, Esq.
Attorneys for Defendant PNC Bank N.A.

Dated: July 22, 2013

KEESAL YOUNG & LOGAN

By: */s/ Cara L. Finan*
Cara L. Finan, Esq.
Attorneys for Defendant JPMorgan Chase Bank N.A., for itself and as successor by merger to Chase Home Finance LLC and Chase Home Finance Inc.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 400
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

**ATTESTATION OF SIGNATURE**

I, Dan J. Bulfer, am the ECF User whose ID and Password were used to electronically file this Stipulation and [Proposed] Order Governing the Designation and Handling of Confidential Materials. Pursuant to Central District of California Local Rule 5-4.3.4(a)(2), I hereby attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the content of this filing and have authorized the electronic filing thereof.

*/s/ Dan J. Bulfer*
Dan J. Bulfer, Esq.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: July 25, 2013

*/s/John E. McDermott*
John E. McDermott
United States Magistrate Judge